UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
CHARITY FOLKS INC.,

                    Plaintiff,

        -against-                                10 Civ. 8765 (LAK)

GENE T. KIM,

                    Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**MEMORANDUM OPINION**

Appearances:

> Steven C. Bennett
> JONES DAY
> *Attorneys for Plaintiff*

> Marc Joel Goldstein
> *Attorney for Defendant*

`

LEWIS A. KAPLAN, *District Judge.*

        Plaintiff Charity Folks Inc. ("CFI") and Bamboo Technologies, Limited ("Bamboo"), a company of which the defendant Gene T. Kim is the chief executive officer and largest shareholder, are in the midst of arbitration of Bamboo's claims against CFI and CFI's counterclaims against Bamboo.  CFI then filed this action, asserting substantially the same claims against Kim individually as it has asserted against Bamboo in the arbitration as well as a claim that Kim is Bamboo's *alter ego* and therefore will be personally liable in the event CFI obtains an arbitration

award against Bamboo.  The matter is before the Court on (1) Kim's motion to compel arbitration of CFI's claims against him and to stay this action, and (2) CFI's motion for discovery and a hearing on its *alter ego* claim against Kim and for security for and confirmation of any award that may be rendered in its favor.

*Facts*

Kim is the founder, chairman, chief executive officer and largest shareholder of Bamboo, which entered into a contract with CFI in April 2006.  That contract specified that disputes arising from it would be resolved by arbitration.

In May 2010, Bamboo commenced arbitration against Charity for breach of contract. CFI interposed counterclaims asserting that it had been fraudulently induced by Bamboo to enter the contract and that Bamboo's performance was deficient.  After a series of written submissions to the arbitrator, hearings on the merits were held in the week beginning November 29, 2010, and the arbitrator is expected to rule before the new year and possibly before Christmas.

Charity filed this action on November 19, 2010.  As noted, it alleges against Kim personally essentially the same claims it asserts against Bamboo in the arbitration.[1]  The notable exception is a claim for a declaration that Kim is Bamboo's *alter ego,* that he will be bound by the results of the arbitration, and that Kim would be liable personally for an award rendered in CFI's favor against Bamboo.

---

[1]    *See* Bennett Decl., Dec. 6, 2010, Ex. 17 (Complaint), ¶¶ 72-107.

*Discussion*

Kim is not a party individually to the contract between Bamboo and CFI.  That, however, is not dispositive of Kim's contention that he is entitled to arbitrate CFI's claims against him.  The Second Circuit has made plain that a non-signatory to an arbitration agreement may enforce that agreement against a signatory:

> "where a careful review of 'the relationship among the parties, the contracts they signed ..., and the issues that had arisen' among them discloses that 'the issues the nonsignatory is seeking to resolve in arbitration are intertwined with the agreement that the estopped party has signed.' *Choctaw Generation Ltd. P'ship v. Am. Home Assurance Co.,* 271 F.3d 403, 406 (2d Cir.2001) (internal quotation marks and citation omitted)."[2]

This principle applies here.  The claims of fraud and negligence against Kim and Bamboo are nearly identical.  The parties to the CFI-Bamboo contract certainly understood that Kim controlled Bamboo.  It seems clear therefore that Kim's motion to compel arbitration should be granted at least with respect to the claims other than those for declaratory relief concerning his alleged *alter ego* status.

CFI argues that the question whether Kim is an *alter ego* of Bamboo should be decided by the Court because it is a question either of arbitrability or judgment enforcement.  But the argument is not persuasive.

Certainly the argument is not persuasive insofar as it relates to CFI's claim that Kim would be personally liable if CFI prevails against Bamboo in the arbitration.  For all CFI knows, Bamboo will prevail there, and the issue of Kim's liability, at least insofar as it relates to

---

[2]

*Ragone v. Atlantic Video at Manhattan Center*, 595 F.3d 115, 127 (2d Cir. 2010); *see also Ross v. Amer. Express Co.*, 547 F.3d 137, 142-45 (2d Cir. 2008); *Thomson-CSF, S.A. v. American Arbitration Ass'n*, 64 F.3d 773, 779 (2d Cir. 1995).

4

enforceability of an award, would be academic.  There is no basis for entertaining this action for the purpose of giving CFI a hypothetical advisory opinion as to the consequences for Kim in the event that CFI should prevail in the arbitration against Bamboo.

Nor should the *alter ego* claim be entertained on the theory that it poses a question of arbitrability for the Court.  Kim does not contend that he is entitled to arbitrate CFI's claims against him because he is Bamboo's *alter ego*.  Rather, he argues, persuasively, that those claims are so intertwined with CFI's concededly arbitrable claims against Bamboo that CFI is equitably estopped to refuse arbitration.  Hence, those claims are arbitrable without regard to whether Kim is Bamboo's *alter ego*.

CFI relies on a handful of cases that have held that the *alter ego* status of a non-signatory to an arbitration agreement is a question of arbitrability to be decided by the court rather than the arbitrator.[3]  In those cases, however, the issue of *alter ego* status typically was a threshold question of arbitrability because the party contesting the motion to compel arbitration was the party alleged to have been an *alter ego* – that is, the alleged *alter ego* claimed that it was not an *alter ego* and therefore was not subject to the agreement to arbitrate.  Here, Kim, the alleged *alter ego,* is the one who seeks arbitration on the theory that the claims against him are intertwined with the arbitrable claims against Bamboo.  The cases relied upon by CFI therefore have no bearing here.

---

[3]      *See, e.g.*, *Private Sanit. Union Local 813 v. V & J Rubbish Removal*, No. 90 Civ. 5945 (SWK), 1990 WL 144207, at *4 (S.D.N.Y. 1990); *see also New York State Teamsters Conference Pension and Retirement Fund ex rel. Bulgaro v. Doren Avenue Associates, Inc.* 321 F. Supp.2d 435, 442 (N.D.N.Y.,2004) ("the Second Circuit in *Bowers,* as noted, held that whether an entity was ever an employer . . . "is properly for the courts, not an arbitrator, to determine." 901 F.2d at 261. Thus, this is the proper forum in which to determine whether defendants were under common control with or the alter egos of Howard's, i.e., whether they were ever "employers" within the meaning of the MPPAA.").

5

*Conclusion*

Kim's motion to compel arbitration and to stay proceedings in this case pending arbitration [DI 6] is granted in all respects.  CFI's motion to establish a schedule for a hearing on defendant's *alter ego* status and other relief [DI 11] is denied as moot except insofar as it seeks leave to amend to include a request for confirmation of an arbitration award.  In that latter respect, it is denied as premature.  The case is transferred to the suspense docket and closed for administrative purposes.

SO ORDERED.

Dated:          December 13, 2010

Lewis A. Kaplan
United States District Judge

(The manuscript signature above is not an image of the signature on the original document in the Court file.)